**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4004**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

JARRETT TYWAUN DAVIS,

             Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:18-cr-00346-FL-1)

Submitted:  May 12, 2020                          Decided:  August 4, 2020

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarrett Tywaun Davis received a within-Guidelines sentence of 70 months' imprisonment for interfering with commerce by robbery, in violation of 18 U.S.C. § 1951. On appeal, Davis argues that his sentence is substantively unreasonable because the district court didn't account for his individual circumstances when sentencing him. For the reasons that follow, we affirm.

## I.

### A.

In 2017, Davis robbed Whitestone Financial after arguing with an employee over a loan he had there. The day after the argument, Davis called Whitestone Financial from a blocked number asking if it was open. After being told it was, Davis went to Whitestone Financial in disguise, put a steak knife to an employee's face, and demanded money. The employee showed Davis where the money was, and Davis took $1,840.86 and the employee's cell phone. Davis also committed two other robberies in 2017 – one before and another after the Whitestone Financial robbery.

### B.

Davis was arrested and charged with interfering with commerce by robbery for the Whitestone Financial robbery. Davis pleaded guilty. His advisory Sentencing Guidelines range was 63 to 78 months' imprisonment. The government didn't charge Davis with the other robberies because of difficulties obtaining evidence.

Davis requested a downward variance for his mental health history. In support, Davis described in his sentencing memorandum a fatal workplace accident he had witnessed in 2015. The day of the accident, Davis had been training a new employee in a tank filled with toxic gas. After leaving the tank to work elsewhere, Davis returned to find his trainee lifeless. Two other employees then went into the tank to try to rescue Davis's trainee. One employee fell unconscious, but Davis managed to feed an oxygen hose to the other. After an hour, during which Davis watched his trainee and the unconscious employee lose color and bleed, rescue personnel removed the three men from the tank. The employee Davis had helped survived, but both Davis's trainee and the unconscious employee died. Davis wasn't provided counseling or other assistance and was later diagnosed with post-traumatic stress disorder stemming from witnessing the accident.

Davis noted that he had been a family man and an upstanding community member before the accident at his workplace. He stated that his post-traumatic stress disorder and preexisting mental health issues were responsible for his poor coping skills and judgment after the accident.

At sentencing, the district court asked Davis if witnessing his two coworkers die caused him to commit the robberies. Davis responded that he had "been through a lot of things in [his] job and went through stress and post-traumatic stress [disorder] . . . ," and that those struggles combined with his preexisting mental health issues contributed to his actions. J.A. 39

The district court denied Davis's request for a downward variance. The court explained that the Whitestone Financial robbery occurred eighteen months after Davis

3

witnessed the accident and that Davis's Guidelines range was already lenient because he wasn't charged with the other robberies. The court then sentenced Davis to 70 months' imprisonment, in the middle of his Guidelines range. The court stated that it had considered all aspects of Davis's history and background, including the other robberies, along with the need to protect the public and promote respect for the law. The court recommended that Davis receive mental health treatment and a comprehensive mental health assessment. The court repeatedly urged Davis to keep up with his mental health treatment.

This appeal followed.

## II.

Davis's primary argument is that his sentence is substantively unreasonable because the court didn't account for his mental health history. By failing to do so, he contends, the court failed to ensure that his sentence caters to his individual history and characteristics. *See* 18 U.S.C. § 3553(a)(1). Davis also argues that a far shorter sentence would adequately deter him from future criminal conduct. *See id.* § 3553(a)(2)(B).

We review sentences for reasonableness under an abuse-of-discretion standard. *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). "Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). When a sentence is within the advisory Sentencing Guidelines, as here, it is presumed reasonable. *United States v. Abu Ali*, 528 F.3d 210, 261 (4th Cir. 2008). A defendant can

4

only rebut that presumption by demonstrating that "the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

"A review for substantive reasonableness . . . demands that we proceed beyond a formalistic review of whether the district court recited and reviewed the § 3553(a) factors and ensure that the sentence caters to the individual circumstances of a defendant . . . ." *United States v. Howard*, 773 F.3d 519, 531 (4th Cir. 2014). A district court's recommendation of treatment programs as part of a defendant's sentence indicates that the court accounted for the defendant's individual circumstances. *Nance*, 957 F.3d at 216 (concluding that, in recommending substance abuse and mental health treatment, "the district court carefully considered [the defendant's] history and characteristics, specifically recognizing [the defendant's] difficult childhood and substance abuse issues at sentencing" (cleaned up)).

We have reviewed the record and conclude that Davis's sentence is substantively reasonable. Here, the court avoided simply listing the § 3553(a) factors and instead crafted Davis's sentence to account for his mental health history. The court directly tackled the question of Davis's mental health during the sentencing hearing and recommended that Davis receive mental health testing and treatment.

Additionally, the district court properly weighed the § 3553(a) factors when sentencing Davis. District courts are not required to give each § 3553(a) factor equal weight. *Nance*, 957 F.3d at 215–16. In this case, the court accounted for every § 3553(a) factor and determined that Davis's uncharged robberies, the need to protect others from

5

him, and the need to promote respect for the law weighed in favor of the chosen sentence. And although Davis disagrees with the way in which the court weighed his particular history and circumstances and the need for deterrence, we find no abuse of discretion here.

\*       \*       \*

For the reasons given, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*